# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 99-7 Erie |
| ) | |
| ) | |
| MALCOLM HUSSAIN TORAN ) | |

## MEMORANDUM ORDER

Presently before the Court is Malcolm Toran's Motion to Clarify, Amend and/or Correct Presentence Report or Judgment of Commitment under Rule 36 (ECF No. 461), in which he requests that we take some action to allow him to complete the 500 hour drug program he started but was terminated from after five months. According to Mr. Toran he was terminated from the program because "his Presentence Report did not state Toran used drugs one year prior to his arrest" and because "more proof or clarification from the courts" was needed to allow him to complete the program. Motion to Clarify, 2. Mr. Toran further states that at his sentencing hearing we "stipulated that Toran take a Drug Program" but "did not clarify nor specify what Drug Program Toran shall take." Id. 1.

We have reviewed the sentence transcript and the Judgment and Conviction but did not find a statement by the Court recommending placement in a drug program. In our recommendation to the Bureau of Prisons, dated October 25, 2000, we stated as follows:

> Unfortunately this defendant was involved with a number of others in a drug distribution ring, resulting in a lengthy sentence. I still feel that he is a good candidate for rehabilitation and recommend that he be placed as close to the Erie as possible because of his family ties.

We also sentenced Mr. Toran in a separate companion case filed at Criminal No. 98-19. That sentence occurred on December 1, 1999, before the sentence at 99-07 was imposed, and in our recommendation we stated:

> This man has a long prior criminal career. Maybe I'm wrong, but I think he is ready to become rehabilitated and commence a constructive life.

Thus, we clearly felt that Mr. Toran was a good candidate for rehabilitation when first sentenced, and held the same view 11 months later when we sentenced him on the second case. Given that both cases involved drugs we are certainly not opposed to Mr. Toran completing the 500 hour drug program, and do so recommend. However, this is only a recommendation and the ultimate decision as to whether Mr. Toran is placed in any drug program or is permitted to complete the one he started is a matter vested within the discretion of the Bureau of Prisons.

Section 3621(b) of 18 United States Code states in relevant part that the Bureau of Prisons may consider "any statement by the court that imposed the sentence . . . concerning the purposes for which the sentence to imprisonment was determined to be warranted." 18 U.S.C. § 3621(b)(4)(A). In addition, section 3621 provides that the "Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Section 3621(e) similarly provides that "every prisoner with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment" and the Bureau shall provide treatment, subject to availability. 18 U.S.C. § 3621(e)(1). Finally, the statute explains that an "eligible prisoner" is a prisoner who is "determined by the Bureau of Prisons to have a substance abuse problem" and is "willing to participate in a residential substance abuse treatment program." 18 U.S.C. § 3621(e)(5)(B). Thus, as can be seen, the decision of who participates is a matter vested within the authority and discretion of the Bureau of Prisons. Accordingly, we will deny the motion

2

since we do not have the authority to order the Bureau of Prisons to accept a prisoner for a substance abuse treatment, but we will also serve this Order on the Bureau of Prisons so that it will be aware that the Court does not oppose such treatment for Mr. Toran.

AND NOW, to-wit, this 10th day of September, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that the Motion to Clarify, Amend and/or Correct Presentence Report or Judgment of Commitment under Rule 36 (ECF No. 461) be and hereby is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Malcolm Toran
No. 10749-068
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

Bureau of Prisons
Designation and Sentencing Computation Center
Federal Bureau of Prisons
346 Marine Forces Drive
Grand Prairie, TX 75051